Neal J. Fialkow (California Bar No. 74385)
Gregg A. Farley (California Bar No. 115593)
**LAW OFFICES OF NEAL J. FIALKOW**
215 North Marengo Avenue, 3rd Floor
Pasadena, California 91101
Telephone:   (626) 584-6060
Facsimile:   (626) 584-2950
E-mail:      nfialkow@pacbell.net
             gfarley@farleyfirm.com

Attorneys for Plaintiff HOANY G. CORTEZ

Julie E. Patterson (California Bar No. 167326)
Jesse E.M. Randolph (California Bar No. 221060)
**BRYAN CAVE LLP**
1900 Main Street, Suite 700
Irvine, California 92614-7328
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
E-mail:      jpatterson@bryancave.com
             jesse.randolph@bryancave.com

Pamela C. Calvet (California Bar No. 112612)
Amy M. Gantvoort (California Bar No. 227294)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-mail:      pccalvet@bryancave.com
             amy.gantvoort@bryancave.com

Attorneys for Defendant
SAIA MOTOR FREIGHT LINE, LLC

Bryan Cave LLP
120 Broadway Suite 300
Santa Monica, California 90401-2386

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANY G. CORTEZ, an individual, for himself and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAIA MOTOR FREIGHT LINE, INC., SAIA MOTOR FREIGHT LINE, LLC, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CV07-05388 R (Ex)<br><br>[Assigned for all purposes to the Honorable Manuel L. Real]<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

663524

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1   Plaintiff HOANY G. CORTEZ, an individual, for himself and on behalf of all

2   others similarly situated ("Plaintiff"), and Defendant SAIA MOTOR FREIGHT

3   LINE, LLC (erroneously sued as "Saia Motor Freight Line, Inc.") ("Defendant"), by

4   and through their respective counsel of record, and pursuant to Rule 26(c) of the

5   Federal Rules of Civil Procedure, hereby stipulate and agree as follows:

6   WHEREAS, counsel for Plaintiff and Defendant have served, and/or intend

7   later to serve, discovery requests directed to the opposing or other parties; and

8   WHEREAS, it appears likely to counsel for Plaintiff and Defendant that their

9   clients' responses to such discovery requests may reveal legally-protected trade

10   secrets, privacy-protected information, and/or other confidential and proprietary

11   information.

12   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that

13   the following procedures shall be employed and the following terms, conditions, and

14   restrictions shall govern with respect to all discovery made by any party to this case

15   including all summaries, extracts, and material derived from this case (hereinafter

16   "information"), as well as all filings made in this case:

17   1.   Any party or other person producing information in this case may, in

18   good faith, designate information as CONFIDENTIAL, the disclosure of which

19   would constitute an invasion of the privacy of or may cause competitive or financial

20   injury to, the party or other producing person, or any third party.  At the time of

21   production or other disclosure of such CONFIDENTIAL information, the producing

22   party or other person shall designate such material by placing the word

23   CONFIDENTIAL on each such document or other material, or if it is not possible to

24   so label the material, by means of such other designation as will identify the

25   CONFIDENTIAL information with sufficient specificity to permit counsel to adhere

26   to the provisions of this Protective Order.  Only that portion of the document or

27

28   663524

CASE NO. CV07-05388 R (Ex)
STIPULATION AND [PROPOSED]
PROTECTIVE  ORDER

1  information so specified shall be considered CONFIDENTIAL, subject to the

2  provisions of this Protective Order.

3       2.    The designation of information as CONFIDENTIAL shall not be

4  considered conclusive or binding on any party, and such designation may be

5  contested by noticed motion at any time.  However, unless and until an Order of this

6  Court sets aside a CONFIDENTIAL designation, all documents and information so

7  designated shall be treated as CONFIDENTIAL pursuant to the terms of this

8  Protective Order.

9       3.    Any CONFIDENTIAL information that is produced shall be produced

10  only to counsel of record for the parties in this litigation.  Counsel for any party who

11  obtains any CONFIDENTIAL information from any other party shall protect it and

12  its contents from all disclosure to anyone, save for the persons designated in this

13  paragraph.  Counsel of record may disclose CONFIDENTIAL information where

14  necessary to the proper preparation for, and trial of, this case, to:

15           (a)    their employees and employee equivalents (e.g., contract

16                 paralegals, etc.);

17           (b)    independent experts hired only for the purpose of aiding counsel

18                 of record in connection with counsel's preparation for trial (who

19                 shall have no ownership interest in or business relationship with

20                 any other party named in this litigation or any competitor of

21                 defendants);

22           (c)    witnesses and deponents testifying under oath, and the certified

23                 shorthand reporter conducting the deposition;

24           (d)    the parties to this litigation;

25           (e)    any person whose name appears on the face of discovery

26                 material designated as CONFIDENTIAL and the discovery

27                 material indicates that the person authored or received the

28

663524

3

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

material; or if it is otherwise established that the person had previous, authorized access to the information or document and knows the information contained in the document;

(f)     this Court and members of its staff;

(g)     the jury in this matter; or

(h)     any other person or entity whom the parties mutually agree in writing may receive disclosure of such CONFIDENTIAL information.

Counsel shall distribute this Protective Order to all such persons referenced in subsections (a) through (d) above and shall require that said persons read this Order and agree to be bound by its terms by signing the Acknowledgment form attached hereto as Exhibit A.

4.     Whenever any CONFIDENTIAL information is introduced or used at a deposition, those portions of the deposition that concern CONFIDENTIAL information (a) shall be conducted in such a way that only persons authorized by this Protective Order to have access to such matters are present; and (b) shall be separately bound after transcription and marked as CONFIDENTIAL, and then shall be deemed to be subject to the terms of this Protective Order.  For convenience, if a deposition transcript or exhibit contains repeated references to CONFIDENTIAL material which cannot conveniently be segregated from non-CONFIDENTIAL material, any party may request that the entire transcript or exhibit be designated as CONFIDENTIAL.  CONFIDENTIAL information may only be elicited or used in depositions of parties, or persons employed by parties, who produced such information and only if the person deposed has knowledge of such information, has agreed to be bound by the terms of this Protective Order, and reviewed and signed Exhibit A.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

663524

4

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

5.      Counsel may show CONFIDENTIAL material to a witness at a deposition and examine that witness concerning the same, provided that such counsel must, in the course of the deposition, inquire as to whether the witness agrees to be bound by the terms of this Protective Order.  If the witness does not so agree, then neither the witness nor his counsel, if any, may retain or be given any copy of the CONFIDENTIAL material including, but not limited to, a copy of any pages of the transcript of the deposition that are designated CONFIDENTIAL.  In the event of such refusal by the witness, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, and that if the original deposition transcript is not signed within thirty (30) days after the date of the notice, it will be used as if it had been signed.  The witness shall not be furnished with a copy of portions of the deposition transcript or exhibits that have been designated as CONFIDENTIAL.  If the witness does not sign the original deposition transcript within thirty (30) days after the date of the written notice described in this paragraph, the deposition transcript may be used as if it had been signed.

6.      Failure of counsel to designate testimony or exhibits as CONFIDENTIAL during a deposition shall not constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the transcript of the deposition, counsel shall be entitled to designate specific pages and lines of the transcript or exhibits as CONFIDENTIAL; however, any other party shall be entitled to treat the transcript or exhibits as non-CONFIDENTIAL material until such time as the CONFIDENTIAL designation is made.

7.      Whenever any party wishes to file with the Court, introduce, or use at trial, a hearing, or any other proceeding any CONFIDENTIAL information, that party shall provide written notice to all parties and to the Court prior to disclosing or filing the CONFIDENTIAL information.  Thereafter, any party may move the Court

663524

5

by application or noticed motion, pursuant to Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California, to have all filings and disclosures containing CONFIDENTIAL information filed under seal.  If the party moves the Court in this fashion, all such filings and disclosures containing CONFIDENTIAL information shall be lodged and filed in the manner set forth in Rule 79-5.1 until the Court makes such rulings and provides instruction to the parties on how to file such CONFIDENTIAL information thereafter.

8.     If any CONFIDENTIAL material is provided to a discovering party without being marked as CONFIDENTIAL, the failure so to mark the material shall not be deemed a waiver of its confidentiality.  Until the material is designated as CONFIDENTIAL by the producing party, however, the discovering party shall be entitled to treat the material as non-CONFIDENTIAL.  Upon designation, such material shall be treated as CONFIDENTIAL in accordance with the provisions of this Protective Order.

9.     Within thirty (30) days after the termination of this action, discovering counsel shall return to producing counsel all documents including, without limitation, deposition, trial, hearing, or other transcripts containing information designated as CONFIDENTIAL, as well as all copies thereof, and shall return or destroy any extracts, summaries, or material derived from the information.  In addition, the Clerk of this Court shall return to producing counsel all documents, transcripts, exhibits and any other materials containing information designated as CONFIDENTIAL that have been filed with this Court.

10.    Nothing in this Protective Order is intended to or shall be deemed to limit the parties from any further use of CONFIDENTIAL information (or information derived therefrom) which a party or its or his agent has itself (or himself) produced, generated, or obtained other than through discovery in this action.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

663524

6

11.     Nothing in this Protective Order is intended to or shall be deemed to limit, circumscribe, or evade the requirements of Rule 79-5.4 of the Local Rules of the United States District Court for the Central District of California, which requires the redaction of certain personal identifying information (e.g., Social Security Numbers, dates of birth, home addresses, and financial account numbers) of documents filed with the Court.  The parties and their counsel will abide by the requirements of Rule 79-5.4 irrespective of any arguably-conflicting language contained in this Protective Order.

12.     Any summary, extract, briefs, or other material which is based on or refers to material containing CONFIDENTIAL information, shall be subject to this Protective Order only to the extent that it actually reveals CONFIDENTIAL information, as designated by the parties above.  No summary, extract, briefs, or other material shall be considered CONFIDENTIAL merely by the fact that it is based on or refers to material containing CONFIDENTIAL information.  The parties shall also have the option of redacting CONFIDENTIAL information in such a summary, extract, brief, or other material, rather than placing the entire document under seal.

13.     If discovery is sought from non-parties which may involve CONFIDENTIAL material or information in the possession of that non-party, then counsel for the propounding party shall provide a copy of this Protective Order along with the discovery, and offer the non-party the opportunity to make the material or information it produces subject to this Protective Order.

14.     This Protective Order is entered without prejudice to the right of any party to waive the applicability of this Protective Order as to any information produced by the party.  Upon application to this Court or by noticed motion, any party may:

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

663524

7

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

     (a)     Seek additional protective treatment for any information or documents which might become the subject of discovery;

     (b)     Object to the designation of any document as CONFIDENTIAL; or

     (c)     Seek any modification of, or relief from, this Protective Order and such other relief as may seem appropriate.  Prior to any such application or motion, counsel shall confer to try to reach an agreement without resort to this Court.

15.    Once they have signed and delivered to counsel for the other party this signed Stipulation, the parties agree to comply with the terms of this Stipulation for the remainder of this action, whether or not the Court enters this or any other Protective Order, except to the extent that such compliance would cause a party to violate a Court order or direction or otherwise contradict an order or direction of the Court.

16.    The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: January __, 2008

**BRYAN CAVE LLP**

By: _____
    Amy M. Gantvoort
Attorneys for Defendant
SAIA MOTOR FREIGHT LINE, LLC

Dated: January __, 2008

**LAW OFFICES OF NEAL J. FIALKOW**

By: _____
    Gregg A. Farley
Attorneys for Plaintiff
HOANY G. CORTEZ

663524

8

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, residing at _____ have read the foregoing Stipulation and Protective Order ("Order") in the civil action entitled HOANY G. CORTEZ, an individual, for himself and on behalf of all others similarly situated, Plaintiff, vs. SAIA MOTOR FREIGHT LINE INC., SAIA MOTOR FREIGHT LINE LLC and DOES 1 through 25, inclusive, Defendants, United States District Court for the Central District of California, Case No. CV07-5388 R (Ex) (the "Action").  I agree to be bound by its terms with respect to any documents designated as "CONFIDENTIAL" that are furnished to me as set forth in the Order, unless and until the Order is modified by further order of the Court.  I further agree to return documents to the producing party or third party according to the terms of Paragraph 9 of that Order.

I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

I hereby agree that any documents designated as "CONFIDENTIAL" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

DATED: _____        _____
                                                              (Signature)

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

663524

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### [~~PROPOSED~~] ORDER

Having read the foregoing stipulation of Plaintiff Hoany G. Cortez and Defendant Saia Motor Freight Line, LLC, and good cause appearing therefor, the stipulated protective order is approved.

**IT IS SO ORDERED.**

Dated: January 08, 2008

_____

Honorable Manuel L. Real
United States District Court Judge

663524

CASE NO. CV07-05388 R (Ex)
STIPULATION AND [PROPOSED]
PROTECTIVE ORDER